FRED P. WILCOX, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

Residence of the owner within the assessment district is essential, under the Revised Statutes (1 R. S. 389, § 5), to give jurisdiction to assessors to make a valid assessment of personal property.

In an action to vacate an assessment, and to set aside a sale made thereunder, it appeared that the assessors of the city of R. assessed plaintiff in the Seventh ward of said city for property, real and personal; that the real property was situated therein, but plaintiff, although formerly a resident of said ward, was not a resident thereof at the time, but of the Fourth ward in said city; he tendered the amount of the tax on the land with collection fees; this was refused, and the real estate was sold by the city treasurer to defendant for the full amount of the tax, real and personal. *Held,* that the assessment of the personal property was void; and so, the tax assessed thereon and the sale were properly set aside; also that it was immaterial that the assessors were ignorant of plaintiff's change of residence, at least in the absence of proof of any effort on his part to mislead them.

Also *held,* the claim that as the assessors acted for the whole city, they had jurisdiction of the persons, of all taxable inhabitants therein, including plaintiff, and that, therefore, the assessment was irregular only, was not tenable.

Also *held,* that the question as to the appropriateness of the remedy not having been raised below, could not be considered here.

Reported below, 54 Hun, 72.

(Argued October 30, 1891; decided December 8, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 19, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to vacate an assessment and set aside a sale made thereunder.

The city assessors of Rochester inserted the name of the plaintiff in the assessment-roll of the Seventh ward of said city for the year 1884, as the owner of lands therein, valued in the assessment-roll at $1,400, and as the owner of personal property amounting to $50,000, and subsequently the general city tax was extended upon the roll, and the sum of $1,656.29 was entered therein against the plaintiff as the aggregate tax

upon the real and personal property so assessed to him. The plaintiff was the owner of the lands assessed to him in the Seventh ward, and the proportion of the aggregate tax chargeable to him on account thereof was $45.11. But he was not a resident of the Seventh ward when the assessment was made, but from the 1st of January, 1884, until the ninth of December in that year, he resided in the Fourth ward of the city, and his residence there was open and unconcealed and generally known among his acquaintances.

In August, 1884, the plaintiff duly tendered to the proper officer the amount due for the tax on the lands owned by him included in the assessment-roll, with the fees for collection, but the officer refused to receive the sum or to cancel the tax on the real estate, and plaintiff has ever since been ready and willing to pay the same.

On March 26, 1885, the city treasurer sold the real estate for the whole amount of the real and personal tax, with interest, charges and expenses added, the land was struck off to the defendant and a certificate of the sale was made and delivered to it by the treasurer. The plaintiff, prior to January 1, 1884, had lived in the Seventh ward of the city. He was acquainted with the city assessors, but did not inform them of his change of residence, and it did not appear that they knew of it when the assessment was made, nor did it appear that the plaintiff knew that he was assessed for personal property in the Seventh ward before the roll was completed and delivered to the city treasurer in July, 1884. He removed to the state of Michigan, in December, 1884, where he has since resided. He was the owner of personal property to the amount of $50,000 when the assessment in question was made.

The judgment in the action set aside the tax assessed and levied upon the personal property of the plaintiff, and also the sale of the lands made by the treasurer.

*Charles P. Ernst* for appellant. The assessment of the personal property to the plaintiff in the Seventh instead of the

Fourth ward, did not invalidate the assessment. (§ 83, chap. 143, Laws of 1861, as amended by chap. 14, Laws of 1880 ; *Mayor, etc.,* v. *M. Bank,* 20 N. Y. 387 ; *A. T. Co.* v. *Buffalo,* Id. 388, 392 ; *Trowbridge* v. *Horan,* 78 id. 445 ; *Tingue* v. *Port Chester,* 101 id. 294 ; Laws of 1834, chap. 199 ; Laws of 1844, chap. 145 ; Laws of 1850, chap. 262 ; Laws of 1861, chap. 143, § 87 ; Laws of 1880, chap. 14, § 83 ; *People ex rel.* v. *Comrs. of Taxes,* 95 N. Y. 558 ; *People* v. *Jaehne,* 103 id. 282.) The assessors, having jurisdiction over the plaintiff, their failure to assess him for personalty in the Fourth instead of in the Seventh ward, was but an irregularity, which cannot be reviewed in this action. (*Swift* v. *City of Poughkeepsie,* 37 N. Y. 511, 512, 513 ; *Bell* v. *Pierce,* 51 id. 12, 15 ; *Van Rensselaer* v. *Cotrell,* 7 Barb. 127 ; *Vail* v. *Owen,* 19 id. 22 ; *Brown* v. *Smith,* 24 id. 419 ; *Hiennean* v. *Heard,* 62 N. Y. 448 ; *Strussburgh* v. *Mayor, etc.,* 87 id. 455.) The setting aside of the assessment should only be made by requiring the plaintiff, as an act of equity, to pay the tax, interest and percentages. (*Otis* v. *Gregory,* 13 N. E. Rep. 39 ; *Alexander* v. *Merrick,* Id. 190 ; Pom. Eq. Juris. §§ 120, 363.) No record lien was created, even as late as the trial of this action, and, therefore, the action would not lie upon the ground that a cloud upon the title to the real estate had been created, which was necessary to sustain this action. (*Strussburgh* v. *Mayor, etc.,* 87 N. Y. 453 ; *Genet* v. *City of Brooklyn,* 69 id. 506 ; *Haywood* v. *City of Buffalo,* 14 id. 534 ; Laws of 1861, chap. 143, §§ 94, 97, 98, 103 ; Laws of 1880, chap. 14, § 104.) The action is brought to obtain the judgment of this court vacating and setting aside the assessment, upon the ground only that the personal property was improperly assessed to the plaintiff in the Seventh ward instead of the Fourth ward, this ground is insufficient and no other reason can be assigned here for the judgment herein. (*Day* v. *Town of New Lots,* 107 N. Y. 149, 154, 155 ; *Delafield* v. *Smith,* 25 id. 266 ; *Salisbury* v. *Howe,* 87 id. 132, 133 ; *Ferguson* v. *M. M. L. Ins. Co.,* 22 Hun, 326 ; *Baird* v. *Mayor, etc.,* 96 N. Y. 603 ; *Wright* v. *Delafield,* 25 id. 266.) The omission of the mayor or other proper officer

to attach the seal of the corporation to the warrant issued to
the treasurer and attached to the Seventh ward roll put in
evidence in this action, did not invalidate the assessment or the
roll. (*Town of Solon* v. *W. S. Bank*, 114 N. Y. 122;
*Wright* v. *Nostrand*, 94 id. 48.)

*Edward F. Wellington* for respondent. The tax levied and
assessed upon the personal property of the plaintiff was illegal
and void, for the reason that he resided, at the time the assess-
ment was made, in the Fourth ward, and could not have been
legally assessed in the Seventh ward, where he did reside.
(*People* v. *Bd. Suprs.*, 11 N. Y. 571; *Mygatt* v. *Washburn*,
15 id. 318; *Bell* v. *Pierce*, 51 id. 16; *Dorn* v. *Decker*, 61
Barb. 610; *Bailey* v. *Buell*, 59 id. 168; *Wade* v. *Matheson*,
4 Lans. 161.) So all subsequent proceedings after the tax-roll
came into the hands of the city treasurer were void, by reason
of the illegal assessment, and because the warrant attached to
the roll did not bear the seal of the city of Rochester, as
required by law. (City Charter, § 86; *Smith* v. *Randall*, 3
Hill, 497; *Clark* v. *Norton*, 49 N. Y. 248; *Cruger* v. *Dough-*
*erty*, 43 id. 122; *Thompson* v. *Burhans*, 61 id. 65; *Van*
*Rensselaer* v. *Whitbeck*, 7 id. 521; *Doughty* v. *Hope*, 3 Den.
599.) The sale of lands in question subsequently made by the
city treasurer was illegal and void, because there was no law
authorizing the enforcement of a tax assessed upon personal
property by the sale of the real estate of its owner, under a
summary seizure by the collecting officers. (Laws of 1842,
chap. 318; Laws of 1867, chap. 361; 2 R. S. [8th ed.] 1120,
1124.) An assessment upon real estate will be set aside (if
illegally made and if a lien upon land and, therefore, a cloud
upon the title), when the invalidy is such that it will not
appear upon the face of the assessment, or be necessarily dis-
closed by an attempt to enforce it. (*Strusberg* v. *Mayor, etc.*,
87 N. Y. 452, 455; *Scott* v. *Onderdonk*, 14 id. 9, 13, 15;
*Heywood* v. *City of Buffalo*, Id. 434, 541, 544; *Hatch* v.
*City of Buffalo*, 38 id. 276, 277, 279; *Allen* v. *City of Buf-*
*falo*, 39 id. 386, 389, 393; *Guest* v. *City of Brooklyn*, 69 id.

506, 513, 514; *Rumsey* v. *City of Buffalo*, 97 id. 118; *T. G. Sem.* v. *Cramer*, 98 id. 127; *People ex rel.* v. *Low*, 40 Hun, 176; *People ex rel.* v. *W. S. Bank*, 32 id. 529; *People ex rel.* v. *M. U. T. Co.*, 99 N. Y. 254; *Hassan* v. *City of Rochester*, 67 id. 536.)

ANDREWS, J.   It is provided by the city charter (Laws of 1880, chap. 14, § 85) that the common council shall, during the month of June in each year, assess the city taxes in the same manner in which county taxes are by law to be assessed by the board of supervisors.   By the Revised Statutes, it is declared that "Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him" (1 Rev. St. 389, § 5), and this rule, except as modified by amendments not material here, is the rule governing assessments of county taxes.

It has repeatedly been decided under our statutes that residence of the person assessed within the assessment district is essential to give jurisdiction to the assessors to make a valid assessment of personal property.   (*People* v. *Supervisors of Chenango Co.*, 11 N. Y. 571; *Mygatt* v. *Washburn*, 15 id. 318; *Bell* v. *Pierce*, 51 id. 16.)   These authorities are conclusive of the invalidity of the assessment of personal property included in the assesment against the plaintiff in the Seventh ward of Rochester.   It is found and is undisputed that during the whole of the year 1884, the plaintiff was a resident of the Fourth ward   It is immaterial that the assessors were ignorant of his change of residence.   He did nothing to mislead them, and their mistake did not in the least affect the jurisdictional question.

The point made that as the same assessors were assessors for the whole city they had jurisdiction of the person of all the taxable inhabitants, including the plaintiff, and that, therefore, the assessment is irregular only, is not tenable.   One object of the charter in prescribing that the assessment shall be made in the town or ward where the person assessed resides, is that he may have certain notice of proceedings of the tax-

ing officers, so far as they may affect his interests.    In a certain general sense it may be said that the assessors had jurisdiction of all taxable inhabitants of the city, but the requirement that the inhabitants should be assssssed for personal property in the ward where they reside, is a limitation of their jurisdiction, and not simply a directory provision, the disregard of which is not of the essence of their power.

It is also insisted that assuming the invalidity of the tax and of the sale thereunder, nevertheless a case was not made for equitable relief, for the reason that the proceedings had not progressed to the point where the presumption of regularity attached to the proceedings so as to constitute a cloud upon title.    It is a sufficient answer to this contention that this point was not taken on the trial.    The defendant asserted the validity of the sale and claimed a lien upon the land sold for the whole tax, and its denial that the proceedings were a cloud on the title, was based simply upon the contention that they were valid and that the sale was legal.    It was incumbent upon the defendant, if it desired to raise the question of the appropriateness of the remedy, to have raised the point distinctly.

The judgment should be affirmed.

All concur.

Judgment affirmed.