We find no good reason for disturbing the order appealed from, and it should therefore be affirmed.

Order affirmed.    All concur.

---

(14 Misc. Rep. 586.)

PEOPLE ex rel. GOULD et al. v. BARKER et al., Commissioners of Taxes
(five cases).

(Supreme Court, Special Term, New York County.    December, 1895.)

1. TAXATION—PERSONAL PROPERTY OF ESTATE—RESIDENCE OF EXECUTOR.
    Under the statute making the personal property of an estate taxable at the residence of the executors or trustees, the removal of executors and trustees from an assessment jurisdiction deprives the assessors therein of jurisdiction, though the removal was for that purpose.
2. CERTIORARI—PROCEDURE—AMENDMENT OF PETITION.
    An amendment to a petition for certiorari, containing new grounds for asking the writ, will not be granted on final argument, after all evidence on the issues joined by the return has been taken before a referee.

Certiorari by George J. Gould and others, executors and trustees of the estate of Jay Gould, deceased, to review an assessment by Edward P. Barker and others, tax commissioners of New York, of the personal property of said estate for the year 1894, and four other cases.    Assessment set aside.

John F. Dillon, Winslow S. Pierce, Harry Hubbard, and Almon Goodwin, for relators.

James M. Ward, for commissioners.

RUSSELL, J.    The relators obtained writs of certiorari against the commissioners of taxes and assessments of the city and county of New York to review the assessments for personalty made in the year 1894, on the ground that the relators were not residents of the city of New York on the assessment day, the second Monday of January, 1894, and therefore that the commissioners had no jurisdiction to assess them for any personal property.    No question here arises as to whether the relators were assessed too much or too little, and therefore the range within which the commissioners of assessments could exercise the judicial function is limited to a much narrower scope than in such a case, the sole question being that of residence or nonresidence, which involves simply the determination of a fact, and not the application of the opinion and discretion of the commissioners to the formation of a judgment of values.    George J. Gould was assessed for his personal property for the sum of $400,000, Edwin Gould for the sum of $100,000, Howard Gould for the sum of $100,000, Helen M. Gould for the sum of $100,000, and the same persons, as executors, etc., of the Jay Gould estate, for the sum of $10,-000,000.    In the cases of the assessments other than that against the estate the evidence is clear and distinct that George J. Gould, in October, 1893, removed to Lakewood, N. J., with his family, with the intention of making the same his permanent home, and has continued to reside there;  that Helen M. Gould and Howard Gould removed to Irvington, N. J., in June, 1893, with a like intent, and that

prior to the assessment day Edwin Gould removed to Tarrytown with the same intent.    The counsel for the commissioners does not make any substantial contest over the change of residence in these cases, aside from the case of the assessment against the estate, and the court is obliged to find, as to the assessments against George J. Gould, Edwin Gould, Howard Gould, and Helen M. Gould, that the commissioners did not have the jurisdiction to make the assessments, and that the same must be vacated.

A more serious opposition is made on behalf of the commissioners to setting aside the larger assessment against the Goulds as executors of the estate of their deceased father, Jay Gould, which objection is substantially that the application before the commissioners to cancel the assessment during the review period was made by George J. Gould, who assumed to have the custody and control of the personalty of the estate, and that, the motive of his removal from New York to New Jersey being clearly shown to be a mere pretense for the purpose of avoiding the payment of the tax assessed against the executors and trustees, and not for the purpose of obtaining a genuine and continued place of residence at Lakewood, they had the right to judicially determine the fact of residence in New York in favor of the city.    The general statute upon which the assessment against the executors is based is as follows:

"Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either of these trusts be assessed against any other person."

It will be thus seen that the fact of residence of the executor determines the right of any municipality to assess the personalty of the estate.    If George J. Gould had been the sole executor, his genuine removal to Lakewood before the assessment day in New York would carry the right to assess away from the jurisdiction of New York City. If one of the executors remained in New York City, a question might arise as to the power to assess the estate which is not involved in this controversy.    But upon the proof taken in this case it is clear to the court that all of the executors had removed months before the assessment day, and the proof of the motive of the removal of George J. Gould seems to me to confirm the genuineness of the removal, rather than to cast a doubt upon it.    He frankly avowed, in the testimony taken before the referee, that he thought the commissioners assessed the estate of Jay Gould for a far larger sum proportionately than was assessed against other rich estates and individuals subject to their jurisdiction; citing instances which had come to his knowledge.    Whether his assertion was well founded or not as to inequality of assessment is immaterial, for the sole value of his evidence in that respect is to display the adequacy of his motive, and the probability as to whether it ripened into the result of an actual change of residence.    It is all the more apparent that his removal to Lakewood was genuine because the corporation counsel feels himself unable to sustain the assessment against George J. Gould personally.    The force of the argument made on behalf of the corporation counsel

lay in the attack upon the manner of the presentation by George J. Gould of the application during the review period to cancel the estate assessment. He stated that he had control of the personalty, whereas it appeared that the office of the executors was at Tarrytown, in the state of New York. This statement of George J. Gould might well be reconciled with the facts as they appear. And the question as to who is the leading, elder, or more active executor, and has more immediately the actual possession of the securities, does not appear to be very material where all of the executors live outside the city of New York, and where all of the executors have the legal right to the custody of the personal estate, permitting one executor to do the most of the responsible work as a matter of sufferance and convenience. The evidence of the application itself, and the circumstances under which it was made, shows clearly that the commissioners understood that the application to cancel was made on behalf of the estate itself, and the testimony of Howard Gould and Mr. Pierce also distinctly shows that the parties were ready to furnish any additional evidence which the commissioners might deem it necessary to require. I think there could be no misconception by the commissioners as to the fact for whom the application to cancel was made, nor as to the fact of change of residence of each of the executors. Nor do I think that the commissioners have the same power or range of judicial discretion in the case of the. application to cancel an assessment on the ground of nonresidence that they would have in the case of disputed values. I do not entertain the idea that if, in fact, on the second Monday of January, 1894, the Goulds were not residents of the city of New York it was necessary for them, in order to save their rights, to make any application for cancellation of the assessment whatever. If they were not residents, the commissioners had no jurisdiction over them, and it was the duty of the commissioners to ascertain the fact of residence in order to affirmatively act. Wilcox v. City of Rochester, 129 N. Y. 247, 29 N. E. 99. It follows as a necessary result that, if the executors, to avoid the embarrassments contingent upon an assessment made, or prompted by a desire to give the information to the commissioners so that they might correctly act, did, even in an informal manner, make their application to cancel, such proceeding would not give to the commissioners a jurisdiction to retain an assessment which they had no jurisdiction to make. I do not mean to imply by this that the application to cancel was informal, for it seems to me that it was sufficient for the purposes designed of giving the commissioners proper and sufficient notice and sufficient evidence to show them that the assessment which they had made was not a legal assessment. In fact, it is apparent from the action of the commissioners themselves, as appears from Schedule B, attached to their return, that at one time they thought they had sufficient evidence, and did not require any additional information, though the applicants had offered to give it. The assessment appears in these words: "Gould, George J., and Edwin Gould and Helen M. Gould and Howard Gould, executors and trustees, estate Jay Gould. Place of business, 195 Broadway; residence, 857 Ave. 5; valuation, $10,000,000. Canceled in board, May 23rd, 1894." All of

which lines just quoted have drawn through them lines indicating an intent to erase, and over the words "Canceled in board" are written "Reconsidered in board," and over the date "May 23rd, 1894," are the words and figures "May 31 (see next line)." Below, on the following line, are the words and figures, unerased: "Gould, George J., Edwin Gould, Helen M. Gould, Howard Gould, as executors and trustees of Jay Gould, 195 B'way, $10,000,000, held in board May 31, 1894." This evidently shows an action taken by the commissioners to cancel the assessment, and eight days afterwards a reconsideration without notice or obtaining the additional information offered and tendered by the applicants. In view of all these circumstances, it would be a very narrow foundation upon which the court could sustain an assessment originally made without jurisdiction, as the facts now certainly appear from the testimony taken before the referee; and the circumstance that the assessment is a very large one will not justify its retention, even as against those who are easily able to pay the tax, any more than if it were made for a small sum against an estate of very moderate amount. There is nothing in the case to show that the assessors of Lakewood and Irvington and Tarrytown have not discharged their full duty in assessing the estate of these persons, but, if they have not done their duty, that fact would not help to retain the assessment in New York.

A motion is made, contemporaneously with the argument of this case, by the counsel for the executors, for the amendment of the petition, so that, in addition to the allegation of nonresidence, this certiorari proceeding in the estate case may also be based upon the action of the commissioners in canceling the assessment, upon the theory that when that act was done the power of the commissioners was exhausted, unless notice was given to the applicant of a proposed change of action. The fact of such action appeared during the taking of the testimony before the referee. I am of the opinion that the relators had the right to prove the facts attending such alleged cancellation as evidence in this case, but that it was their duty to have proceeded at once, having then notice of such action of the commissioners, to obtain the amendment proposed, instead of continuing the testimony upon the one issue which was then the subject of reference. This action by the commissioners was proper evidence upon that issue to show what was done upon the application to cancel, and the good faith of the applicants in making such an application, but was not evidence upon any other issue. It is too late to submit such a motion with the argument of the cause itself, and thus place the application for the writ of certiorari upon an additional ground ab initio, even though an offer was made during the hearing before the referee to allow any evidence to be given upon that issue which the commissioners might desire. These commissioners are public officers, entitled to protection in the discharge of their duties, and in the numerous cases in which they are called upon to defend their action in the courts have the right from the beginning to be advised of the precise objection to their proceedings, and on the trial of an issue thereon have the right to disregard all other issues which might have been, but were not, raised. I have less hes-

itation in declining to grant the request to amend, because, if the objection is good that the commissioners lost their jurisdiction when they took the steps they did towards canceling the assessment, the denial of the motion would not prevent the defense on this ground to the collection of the tax, and a contrary ruling here might establish a dangerous precedent. The motion to amend the petition is therefore denied, but upon the merits of the question of residence in each of the cases an order must be made setting aside the assessment. The counsel for the relators will serve proposed orders prepared by them upon the corporation counsel before forwarding the same to me, so that he may suggest any amendments deemed material by him.

Ordered accordingly.