v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385. In the Bornstein Case, 149 App. Div. at page 41, 133 N. Y. Supp. at page 610, Laughlin, J., said:

---

## In re WISE'S ESTATE.

(Surrogate's Court, New York County. March 24, 1914.)

1. WILLS (§ 434*)—PROBATE—CONCLUSIVENESS—MATTERS CONCLUDED.

    A decree of the Surrogate's Court in New Jersey admitting decedent's will to probate, not being an adjudication of decedent's last domicile, does not prevent the Surrogate's Court in New York from making an independent inquiry into the question of domicile for the purpose of the domestic taxing act.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 937–945; Dec. Dig. § 434.*]

2. TAXATION (§ 867*)—TRANSFER TAX—PLACE OF TAXATION—DOMICILE OR RESIDENCE OF PERSON TAXED.

    Unless a decedent's last domicile was in the state of New York, his intangible personal property in that state is not subject to the transfer tax.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

3. DOMICILE (§ 10*)—EVIDENCE—SUFFICIENCY.

    In a proceeding to determine the last domicile of a decedent for the purpose of the transfer tax, evidence *held* not to show beyond doubt either the intent of decedent to change his domicile from New York to New Jersey or the fact of his residence in New Jersey.

    [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. § 10.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. DOMICILE (§ 8*)—EVIDENCE—PRESUMPTIONS.
    A man's domicile of origin or domicile of choice once established is presumptively retained until it is shown affirmatively that it was either abandoned or changed by him.
    [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 36, 37; Dec. Dig. § 8.*]

5. DOMICILE (§ 4*)—CHANGE OF DOMICILE.
    In order to constitute a change of domicile, both intent and the fact of residence must concur.
    [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 5–23; Dec. Dig. § 4.*]

6. DOMICILE (§ 9*)—CHANGE OF DOMICILE—PROOF OF INTENT.
    Intent, as applied to the principle of domicile, is susceptible of proof, and may be established prima facie by proof of declarations of the person whose domicile is in question.
    [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 38; Dec. Dig. § 9.*]

7. DOMICILE (§ 10*)—CHANGE—EVIDENCE.
    In a proceeding to determine, for the purpose of the transfer tax, whether a decedent a few months prior to his death changed his domicile from New York to New Jersey, acts and conduct of deceased inconsistent with animus manendi annulled his declarations to the contrary or rendered them merely declarations of an intent to be carried out in the future.
    [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. § 10.*]

Proceeding by the State Comptroller against the executors of Charles E. Wise, deceased, to assess the transfer tax. On stipulation that the Surrogate determine the domicile of deceased on evidence taken before the appraiser. Question determined, and proceedings ordered continued.

Fletcher, McCutchen & Brown, of New York City (George H. Fletcher and James H. Richards, both of New York City, of counsel), for executors.

Thomas E. Rush, of New York City (George Thoms and Theodore du Moulin, both of New York City, on the brief, and of counsel), for State Comptroller.

FOWLER, S. The executors of decedent's estate and the State Comptroller of the State of New York have filed a stipulation consenting that the surrogate determine the question of decedent's domicile upon the evidence taken before the appraiser. The evidence is not so full on some points as I could wish.

[1, 2] The decedent died in New Hampshire on the 5th day of September, 1911, while temporarily residing in that state. His will was probated in the surrogate's court of Monmouth county, N. J. The decree of probate is not an adjudication upon the question of decedent's domicile, nor is there any proof before me that domiciliary residence in New Jersey must be proved in order to entitle a will to probate in that jurisdiction. The decree of probate is not an adjudication of the last domicile, nor does it prevent this court from making an independent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inquiry into the question of decedent's last domicile for the purpose of our domestic taxing act. A determination of the last domicile is necessary in the proceeding brought in this county to assess the transfer tax upon the estate of decedent, because if the decedent had his domicile in New Jersey his intangible personal property in this state is not here taxable; whereas, if it is held that he was domiciled in this state, such property is subject to a tax. The value of decedent's intangible personal property in this state amounts to about $105,000.

[3] The decedent came to New York between 1860 and 1870 and was engaged in business here until the time of his death. His domicile of origin is not apparent, but that he acquired a domicile of choice in New York is established. For many years he exercised his right of franchise as an elector in this state. He never voted in any other state. For about four years prior to his death he and his wife occupied an apartment in a hotel in this city. The furniture in the apartment belonged to his wife, and it was not removed by decedent's wife from the apartment until after her husband's death. The testimony taken before the appraiser does not show whether Mr. Wise had an annual lease of the apartment or whether he rented it from month to month. But in any event he was possessed of this home at the time of his death, and his clothes and wearing apparel were there when he died.

About the 1st of May, 1911, decedent had gone to Long Branch, N. J., and while there he occupied a room in a house owned by his son, a practicing physician residing in Long Branch. Decedent then purchased some real estate there and entered into a contract for the erection of a house. He told his son in effect that he intended to make Long Branch his residence. At the time of his death the house which was being erected for him at Long Branch was not completed, and it was never occupied by him. Upon these facts it is contended by the executors that the decedent's last domicile in New Jersey is established. This is the question.

[4-6] A man's domicile of origin or a domicile of choice once established is presumptively retained until it is shown affirmatively that it was either abandoned or changed by him. In order to constitute such change both animus, or intent, and factum, residence, must concur. This is so well established by decisions of authority and is so primary and familiar in the solution of questions of conflicting claims or assertions of the principle of domicile that no citations of authority are essential. A domicile of choice is frequently established by proof of a permanent "home," which is not a term of art, but a very important matter of fact which enters greatly into the solution of the principle of domicile. Whicker v. Hume, 1858, 28 L. J. Ch. 396, 400, per Lord Cranworth; Dicey, Domicile, 93. That Mr. Wise had a permanent home in New York in the unfurnished apartment hotel at the time of his death is established. There his wife was with him and she remained during his absence, and until after his death. To be sure, Mr. Wise went to Long Branch, N. J., on May 1, 1911, apparently alone, and while there he stopped with his son, who resided there. During this sojourn Mr. Wise bought land, contracted for a house, and made

his declaration as given in evidence to the effect that "he had come down there with the intention of establishing his power to vote there." While not high evidence of animus, this is not contradicted. Animus may be established prima facie by proof of declarations of the de cujus. Intention, although a mental operation, was always deemed susceptible of proof by the Roman lawyers, a position now reluctantly acquiesced in by the common law. Phipson on Evidence, 133.

There is unfortunately no proof that Mr. Wise abandoned his New York home or residence for good and all. It was, until his death, in a condition for him to return there, so no abandonment is established. Unless this is established, the element of a New Jersey domicile, called factum, is not made out sufficiently in law for the purposes of this proceeding.

Now as to the proof of animus or intention on the part of Mr. Wise: Did his intention relate to his future, or to his present action? Was his intent to take up his residence in New Jersey when his new residence was completed and he had given up his apartment in New York and removed his apparel and furniture, or was it to take up his residence there, at the moment of making the declaration? This is the doubt. An animus which is in doubt is not controlling in law.

[7] Animus, whether it relates to the great doctrine of possession or to the principle of domicile, is a very subtle thing and a matter of such great refinement that it occasions juridical perplexity oftentimes. In connection with domicile the juridical element is animus manendi. Dicey, Conf. Law, 85. Consequently, any conduct or act of the subject which is inconsistent with animus manendi will annul his declaration or will give it a futuritive significance, which is inconsequential in law, because an intent to do a thing at a future time may always be recalled. Animus, therefore, is said by lawyers to differ in degree. There is animus of the highest degree, and animus of lower degrees. When an intent is for a moment relaxed or in doubt, it is of the lowest degree.

When, as here, neither animus nor factum is made out beyond doubt, a change of an established domicile of choice is not proved and the last established domicile of choice prevails in law. For the reasons stated I find that the last domicile of decedent was in New York. The proceeding for the appraisal of the estate will be continued before the appraiser in accordance with this finding. Settle decree on notice.