---

### In re WISE'S ESTATE. (No. 6662.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

DOMICILE (§ 4*)—CHANGE—INTENT.

 Where a former resident of New York purchased land in a town outside of the state and commenced the erection of a house thereon, intending to make that his home, and during the construction of the house lived with his son in that town, he acquired residence there.

 [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 5–23; Dec. Dig. § 4.*]

 Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Order of Surrogate, New York County.

Proceeding to appraise the inheritance tax of the estate of Charles F. Wise, deceased. From an order of the Surrogate's Court, adjudging that decedent died a resident of the state of New York (84 Misc. Rep. 663, 146 N. Y. Supp. 789), Lester D. Wise, executor and legatee, appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

George H. Fletcher, of New York City, for appellant.

Theodore du Moulin, of New York City, for respondent.

SCOTT, J. This proceeding was initiated by a petition of the state comptroller, alleging, inter alia, that decedent at the time of his death resided without the state of New York. Notwithstanding this allegation, the appraiser found that he was a resident.

The evidence upon which he arrived at this conclusion was the affidavit and oral testimony of decedent's son. This evidence was to the effect that decedent had resided in the city of New York for many years, and was engaged in business here; that he had always voted there when he did vote; that for between three and five years he had resided in an apartment hotel in the city of New York, the furniture of the apartment belonging to his wife; that in the year 1910 he bought a plot of land at Long Branch, N. J., and in April, 1911, went down to Long Branch, taking his personal belongings with him; from that time until the date of his death on September 5, 1911, he resided at Long Branch, with his son, who lived there; that his house was nearing completion; that he repeatedly stated that he intended to make Long Branch his residence, and said that he had come down there to establish a voting residence. There is no evidence that he ever stayed for a night in New York after April, 1911, or even that he retained the lease of his apartment.

I think that there was sufficient to establish both the factum of a change of residence and an animus. If decedent moved down to Long Branch, and actually lived there, even for a short time, with the intention of making that his permanent residence, it is immaterial that he lived in his son's house, instead of his own.

The order appealed from is reversed with $10 costs and disbursements, and the appeal of this executor allowed.

DOWLING and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not think that, upon the facts as they appear in this record, the deceased ever acquired a new domicile in New Jersey. He had been a resident of this state for many years, had voted here, and that domicile continued until he had acquired a new domicile. He clearly did not intend to acquire a new domicile at the house of his son, where his stay was merely temporary, pending the completion of the house which he was then building in New Jersey. He never could have acquired a new domicile in the new house, as it was not completed before his death.

I think he therefore remained a resident of New York until the time of his death, and that the court below correctly so decided.

McLAUGHLIN, J., concurs.