In the Matter of Proving the Last Will and Testament of DAVID LOWRIE, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, Bronx County. May 14, 1929.

*Johnston & Messler*, for the proponent.

*James P. Callender*, for the contestants.

SCHULZ, J. This motion to dismiss a probate proceeding was made upon the ground that the court was without jurisdiction to

entertain and determine it. In this matter jurisdiction depends upon whether or not the decedent was a resident of the county of Bronx, or if he was a non-resident of the State of New York, whether or not he left property within such county. (Surrogate's Court Act, §§ 45, 46.) Pursuant to a memorandum (*Estate of Lowrie*, N. Y. L. J. March 29, 1929) a hearing has been had.

The decedent had for many years been a resident of the State of New Jersey, but owing to some estrangement with his family, the nature of which does not appear, he came to the city of New York in September, 1926, and went to live with his sister, a resident of Bronx county. He brought with him some personal belongings — a book said to be a family " dictionary " in which he recorded the dates of births and deaths of members of his family, a violet ray machine, a reclining chair, a crutch, his wearing apparel and a cane. On November 24, 1926, he is alleged to have executed the propounded paper which is the subject of the contest, wherein he described himself as " I, David Lowrie, now residing at number 1050 Jackson Avenue, Borough of Bronx County of Bronx, City and State of New York * * *." The attorney who prepared the document and is one of the witnesses testified that the decedent told him that he lived with his sister; that it was his permanent residence; that he never intended to go back to New Jersey, and that he was going *on a visit* to California, and that when he came back, his home was going to be in The Bronx. A tenant in the premises where his sister lived, who saw him the night before he left to go to California, testified that he told her that he was going the next day and intended to come back and live with his sister. The son of the sister testified that he came to live with them in September, 1926; that he stated he had come to make his home with his sister, and that he was going to make *a visit* to California. As against this testimony, that of the widow, her sister and her brother-in-law was offered. The sister of the petitioner testified that prior to leaving for California he came to see her and told her he was going *to visit* his sister-in-law there, and he was going to try to get back to his wife when he came back because he had made a mistake in going to his sister. His brother-in-law also testified that he told him that he was making an arrangement to go to California for *a trip*. The testimony of the widow, which was taken under objection, was to the effect that she had received certain post cards which are in evidence.

There is absolutely no evidence of any kind to indicate that the decedent intended to change his residence or domicile to California, so that the only question which remains for determination is

whether at the time of his death, his residence was in New Jersey or in Bronx county.

Quite frequently the principles governing domicile are also applied where questions of residence arise. (*Matter of Martin*, 173 App. Div. 1; *Matter of Rutherford*, 88 Misc. 414, 419; *Matter of Seymour*, 107 id. 330.) I think that the respondents have, by a fair preponderance of evidence, sustained their contention that the decedent was a resident of Bronx county. His domicile of origin is not shown, but it is quite apparant that for some years either his domicile of origin or of choice and his residence were the State of New Jersey. The evidence clearly shows that there was a change, not only in his residence, but in his domicile, and that his domicile of choice and actual residence became the county of Bronx. This having been established to my satisfaction, it must be presumed to have continued unless the contrary is shown. (*Dupuy* v. *Wurtz*, 53 N. Y. 556; *Matter of Newcomb*, 192 id. 238, 250; *People ex rel. Blocher* v. *Crowley*, 21 App. Div. 304; affd., 155 N. Y. 700; *Matter of Seymour*, supra; *Matter of Brown*, 133 Misc. 457; *Webster* v. *Kellogg Co.*, 168 App. Div. 443; *Matter of Wise*, 84 Misc. 663; revd. on the facts, 165 App. Div. 420.) There is nothing before me which would warrant a finding on my part that this domicile and residence of choice was thereafter changed.

An objection was made to the testimony of the widow of the decedent upon the ground that she was incompetent to testify under the provisions of section 347 of the Civil Practice Act. It was contended that if the decedent was not a resident of New York State, then he either resided in New Jersey or in California, and that under the laws of these States, the widow was entitled to property rights of which she could not be deprived by her husband, and hence when the widow was giving testimony tending to show that he was a non-resident of New York State, she was in effect testifying in her own behalf.

No evidence was submitted showing what the laws of New Jersey and California were in that respect. (Civ. Prac. Act, § 391.) I took the evidence subject to a motion to strike out which was thereafter made and upon which I reserved my decision. In view of the conclusion which I reach, a determination of the motion is not important; nevertheless, as a matter of record, I deny the motion to strike out and award an exception to the respondent. Even with this evidence before me, however, I can find nothing that would warrant me in changing the conclusion that I have reached as above stated.

It follows that the motion must be denied.