The People of the State of New York ex rel. The Equitable Gas Light Company, Respondent, *v.* Edward P. Barker and Others, as Commissioners of Taxes and Assessments in the City of New York, Appellants.

*Assessment of corporate property — debts must be deducted — realty and personalty separately assessed — chapter 269 of the Laws of 1880 applicable to assessments under section 821 of chapter 410 of 1882 — certiorari, when no proof is necessary under it — dividends of a corporation, evidence but not proof of its earning power.*

In estimating the amount of personalty of a corporation for the purposes of taxation, the just debts of the corporation must be deducted.

The commissioners of taxes and assessments of the city of New York are required to value property for the purposes of taxation at its true value; and upon a review of the assessment upon the personal property of a corporation for the purpose of taxation, they cannot be heard to say that their sworn valuation of the real estate of the corporation was much less than its true value.

The realty and personalty of a corporation are to be separately assessed by the commissioners of taxes and assessments of the city or New York for the purpose of taxation; and if the personalty be overvalued, and the realty undervalued, the valuation of the personalty cannot be sustained on the theory that the undervaluation of the realty equals or exceeds the overvaluation of the personalty.

The remedy provided by chapter 269 of the Laws of 1880 is applicable to assessments made in the city of New York, notwithstanding section 821 of the Consolidation Act (Chap. 410 of 1882).

Where, upon the return of a writ of certiorari there is no dispute as to the facts, there is no occasion for taking testimony before the court or before a referee, and it becomes the duty of the court to determine the question between the parties.

Dividends are not proof, but they are competent evidence upon the question of the earning power of corporate property, which is a feature to be considered in valuing such property for the purposes of taxation.

Appeal by the defendants, Edward P. Barker and others, as commissioners of taxes and assessments in the city of New York,

PEOPLE ex rel. EQUITABLE GAS CO. v. BARKER. 23

Hun.]          First Department, October Term, 1894.

from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1894, adjudging the action of the defendants in assessing and fixing a personal tax upon the relator for the year 1893 to be illegal, reversing and vacating the same, and directing the repayment to the relator of any money that may have been paid by it upon the same.

*William H. Clark*, for the appellants.

*Coudert Bros.*, for the respondent.

Follett, J. :

The Equitable Gas Light Company of the city of New York is a corporation organized under the laws of this State, with a capital stock of $4,000,000, on which, in 1890 and in 1892, it paid dividends of eight per cent out of its earnings. The amount of the dividends paid in 1891 and during the years previous to 1890, is not disclosed by the record.

In 1893 the commissioners of taxes and assessments
| | |
|---|---:|
| valued the real estate of the corporation at | $1,527,300 |
| Patents and franchises | 500,000 |
| Total | $2,027,300 |

They deducted this sum from $4,000,000, the capital stock, which left a remainder of $1,972,700, the value of the personalty of the corporation, upon which an assessment was laid. No deduction was made for the debts of the corporation. On the 9th of March, 1893, the corporation filed a verified statement with the tax commissioners, showing that the total value of its personalty was $1,041,483.43. This valuation included patent rights and franchises, valued at $500,000, which, deducted from the total valuation of the personalty, left $541,483.43. The statement also showed that the indebtedness of the corporation amounted to $2,839,192.98, which left no personalty liable to assessment. The commissioners refused to deduct any sum from their valuation of the personalty — $1,972,700 — and laid a tax thereon.

In estimating the amount of the personalty of a corporation for the purposes of taxation, the just debts of the corporation must be

24 PEOPLE ex rel. EQUITABLE GAS CO. v. BARKER.

First Department, October Term, 1894. [Vol. 81.

deducted. (*People ex rel. Second Ave. R. R. Co.* v. *Barker*, 72 Hun, 126; affd., 141 N. Y. 196.) The corporation, feeling aggrieved, obtained a writ of certiorari returnable at a Special Term, for the purpose of procuring the assessment on personalty to be vacated. The writ having been made returnable at Special Term in the first instance, we assume that the proceeding was taken under chapter 269, Laws of 1880, and not pursuant to section 821 of the Consolidation Act. The 10th section of chapter 269 provides:

"§ 10. This act shall not be construed to repeal or abridge any other right or remedy given to review an assessment by any law applicable to any city or incorporated village, or by the charters thereof."

It has been assumed in the cases that the remedy provided by chapter 269, Laws of 1880, is applicable to assessments made in the city of New York, notwithstanding the section above quoted and section 821 of the Consolidation Act. (*People ex rel. Mutual Union Tel. Co.* v. *Commissioners of Taxes*, 99 N. Y. 254; *People* v. *Wall Street Bank*, 39 Hun, 525.) Other cases might be cited in which assessments made in the city of New York have been reviewed under the act of 1880.

The 4th section of chapter 269, Laws of 1880, provides:

"§ 4. If it shall appear by the return to such writ that the assessment complained of is illegal, erroneous or unequal, for any of the reasons alleged in the petition, the court shall have power to order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, to order a reassessment of the property of the petitioner, or the correction of such assessment, in whole or in part, in such manner as shall be in accordance with law, or as shall make it conform to the valuations and assessments applied to other real or personal property in the same roll, and secure equality of assessment. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, the court may take evidence or may appoint a referee to take such evidence as the court may direct, and report the same to the court, and such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made."

By the return filed by the commissioners no issue of fact is raised, but, on the contrary, they returned: "After receiving the statement

PEOPLE ex rel. EQUITABLE GAS CO. v. BARKER. 25

Hun.] First Department, October Term, 1894.

submitted by the relator, the Commissioners of Taxes and Assessments carefully considered the same *and accepted as true all of the statements of fact therein contained*, and decided that the capital stock of the relator was unimpaired, and that the said capital stock was worth the sum of four million ($4,000,000) dollars."

The statement referred to was verified March 9, 1893, by the relator's vice-president, and contained an itemized statement of all its property, each item thereof being valued, and of its liabilities. The truth of this statement being admitted, there was no occasion for taking testimony before the court or before a referee, but it became the duty of the court to determine, as it did, the questions between the parties on the return, and it is now too late to urge that the relator should have given testimony in support of its application to be relieved from the assessment complained of. It is also urged that the tax commissioners were not concluded by the statement, but were at liberty to disbelieve it. That may be, but this position is without force in this litigation because they returned, under oath, that they did believe the statement, and accepted it as true.

Gas mains are assessable as real estate. (§ 2, title 1, chap. 13, part 1, R. S., as amended by chap. 293, Laws 1881; *People ex rel. Keystone Gas Co.* v. *Martin*, 48 Hun, 193.) The tax commissioners are required to assess real estate at the sum for which such property under ordinary circumstances would sell. (§ 814, Consol. Act.) In other words, they are required to value property, for the purposes of taxation, at its true value, and they cannot now be heard to say that their sworn valuation of the real estate was much less than its true value.

It is urged that the dividends paid are proof that the value of the property of the corporation was equal to the par value of its stock. Dividends are not proof of the earning power of corporate property, for sometimes, too often it is feared, they are paid out of money borrowed, but they are competent evidence upon the question what is the earning power of corporate property, which is a feature to be considered in valuing such property for the purposes of taxation. Aside from the refusal of the commissioners to take into account the liabilities of the corporation in determining the amount

which it should be assessed for personalty, the vice, if any there be in their proceedings, consists in valuing the plant of the corporation — its real estate — at $1,527,300, which appears to have been capable of earning an annual dividend of eight per cent on $4,000,000. Realty and personalty are to be separately assessed, and if personalty be overvalued and realty undervalued, the valuation of the personalty cannot be sustained on the theory that the undervaluation of the realty equals or exceeds the overvaluation of the personalty. (*People ex rel. Second Ave. R. R. Co.* v. *Barker*, *supra.*)

The order should be affirmed, with fifty dollars costs and disbursements.

O'BRIEN and PARKER, JJ., concurred.

Order affirmed, with fifty dollars costs and disbursements.