The county judge of the county of Erie made an order in this proceeding on the 14th of April, 1894, directing the board of supervisors of that county to cancel a tax for the year 1893, levied by them at their regular session for that year, against the petitioner, The Buffalo Mutual Gas Light Company, and restraining the officer empowered to collect the taxes in that county from collecting this tax. The order was not made until after the board had completed its business and finally adjourned. The action of the county judge was based upon the following facts, which are not disputed: The property of the company was assessed at $350,000, upon which the board levied a tax, for state and local purposes, of $1,776.25, but of this amount $903 was levied for state purposes. The company is one of the corporations which is taxable for state purposes under chapter 361 of the Laws of 1881, and for the year 1883 it paid that tax to the state, amounting to $1,500. It is admitted that the company was exempt from any further taxation for state purposes, but still remained liable to taxation for all other purposes. Since the corporation was liable to taxation for local purposes, the assessment was properly made by the assessors and returned to the board, and the only error committed was in extending a tax upon the assessment *Page 231 
for state purposes. This was the act of the board itself, which they could have corrected while in session, and probably would have done so had the company made application to them for that purpose. No such application was made, however, but application was first made after they had adjourned, and that to the county judge. While the order seeks to do nothing more than exact justice in this particular case, yet it cannot be sustained for the reason that there was no power to make it. The legislature has conferred power in some cases upon the courts and upon judicial officers to control or review the action of assessors and other local bodies empowered to make assessments and to levy and impose taxes, but this power has always been cautiously granted and carefully guarded. Any general or extensive power of that kind, or even to permit those bodies or officers themselves to change their decisions or their official action after their work had once been completed, would obviously be productive of great confusion and mischief. The county judge in this case had no general common-law or equity power over the subject, and no such power is claimed. He had no power whatever except that conferred by § 16 of chapter 686 of the Laws of 1892. This statute is a revision of statutes previously existing on the same subject, and which had frequently been amended and changed by the legislature. (Laws of 1869, ch. 855, § 5; Laws of 1871, ch. 695; Laws of 1884, ch. 141; Laws of 1885, ch. 326.) The meaning and application of these several acts has been, from time to time, the subject of much contention in the courts, and the decisions are not entirely harmonious. (People ex rel. v. Supervisors ofUlster Co., 65 N.Y. 300; Matter of Hermance, 71 id. 484;Matter of the Catholic Protectory, 77 id. 342; Williams v.Supervisors of Wayne Co., 78 id. 561.)
The present statute of 1892, above referred to, reads as follows:
"Any such board may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board, or which may or shall properly come before such board for its action, confirmation or review, *Page 232 
and cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied and upon the order of the county court it shall refund any such tax.
When this enactment is read in connection with the previous statutes and the decisions referred to, its true meaning and application is not difficult to ascertain.
1. It conferred power upon boards of supervisors, while in session, to correct any manifest clerical or other errors in the assessment rolls. But they were given no power over jurisdictional or other legal questions arising upon the work of the assessors. They could correct only such errors as were manifest from an inspection of the rolls themselves, without argument or evidence. In this case there was no error apparent in the work of the assessors, and, hence, that part of the section did not apply.
2. But they were also empowered to correct like errors which appeared in their own work in levying or extending the taxes upon the rolls, since it must have come before them for their action or review before signing the warrants for the collection of the taxes in the several towns and wards. This would have authorized the board to cancel the tax in question, and had they refused to do so, the company would have had a remedy by mandamus to compel a performance of a plain duty, or if not then, doubtless, some other appropriate legal remedy.
3. A still more extensive power is also conferred, as the board may cause to be refunded to any person the amount collected from him of any illegal tax levied upon his property. This was an illegal tax, so far as it was levied for state purposes, but the power to direct it to be refunded does not come into action until it has been paid. The power to refund taxes illegally or improperly assessed must necessarily carry with it power to inquire into the grounds upon which it is claimed they are illegal, and to determine for themselves whether they are illegal or not, at least in the first instance, so that it will be seen that thus far no power whatever has been conferred upon *Page 233 
the county judge. The board is to act for itself according to its own rules of procedure.
4. But the legislature anticipated the possibility that the board might neglect or refuse to refund an illegal tax to the person who had paid it. In such cases the board is required by the statute to cause it to be refunded upon the order of the county judge, and this is the only power which the statute has conferred upon that officer. It is quite clear that he had no power to make the order in question. The power to refund a tax once paid conferred by statute upon a board or officer of special and limited jurisdiction, does not carry with it by implication the power to cancel the tax before payment or to restrain its collection. Such a construction in matters concerning the imposition, correction and payment of taxes, however convenient or just it might be in this case, would be dangerous, and might be productive of mischief if sanctioned as a general principle, and, moreover, would be very difficult to defend in any case.
The board could have corrected the error before signing the warrant for the collection of the tax; but not having done so, and not having been requested to do so, the power of the board over the matter ended and cannot be called into action again until the tax is paid, and not until an application for the purpose of having it refunded has been made to them, can the county judge make any order on the subject.
The order of the General Term, and that of the county judge, must be reversed, with costs in all courts.
All concur.
Ordered accordingly. *Page 234