<hr />

### PEOPLE ex rel. YOUNG v. DEDERICK.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

1. TAXATION—JURISDICTION TO ASSESS—ESTOPPEL.

Under Laws 1896, c. 908, § 8, providing that every person shall be taxed in the tax district where he resides when the assessment is made for all personal property under his control as trustee, an offer made by a trustee, residing in one district, to an assessor of another district, to submit to a satisfactory assessment, does not estop him from urging want of jurisdiction of the assessor, in the absence of evidence that the assessment made pursuant to the offer is satisfactory.

2. SAME.

That one will escape assessment altogether unless assessed in a certain district is immaterial in determining whether the assessor of such district has jurisdiction.

Appeal from special term, Greene county.

Application by writ of certiorari in the name of the people, on the relation of Horace G. Young, as trustee, against Addison E. Dederick, as assessor of the city of Kingston, to strike an assessment from the rolls. From an order in favor of relator (55 N. Y. Supp. 40), respondent appealed. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John W. Searing, for appellant.
Amos Van Etten, for respondent.

LANDON, J. Thomas Cornell resided in Kingston at the time of his death. The relator, who became trustee under his will in 1893, resided, and still resides, in the city of Albany, and never has resided in Kingston. He has an office in Kingston for the business of the trust estate. He was assessed as such trustee upon the personal property of the estate every year from 1892 to 1897, both inclusive, and paid the taxes levied thereon. In 1898 he was assessed in a much larger amount than in previous years, and appeared before the assessor in due time, and objected thereto, made proof of his nonresidence, but stated that he would not object to a satisfactory assessment, and that he could make satisfactory arrangements as to an assessment in Albany. The assessor reduced the amount of the assessment one-half, but to that the relator still objects. He is not assessed upon the trust estate in Albany. The amount of the assessment, if any is proper in Kingston, does not appear to be excessive.

We think the order should be affirmed. The assessor in Kingston had no jurisdiction. The nonresident trustee, if the assessment were satisfactory to him, could, of course, withhold all objection, but, if he chose to insist upon his objection, he had the right to do so. The Tax Law (Laws 1896, c. 908) § 8, provides: "Every person shall be taxed in the tax district where he resides when the assessment for taxation is made, for all personal property owned by him, or under his control as agent, trustee, guardian, executor, or administrator." This does not give the assessor of the tax district where the person does not reside any jurisdiction. Wilcox v. City of Rochester, 129 N. Y. 247, 29 N. E. 99. It is possible the relator might, by his acts or declarations, estop himself from questioning the jurisdiction. He probably did so for the years previous to 1898, but we do not think a proposal to submit to the jurisdiction if the assessment should prove satisfactory precludes the relator, in the absence of any evidence of his satisfaction, from insisting upon the objection of nonresidence, distinctly presented by him. Whether the relator escapes taxation altogether is not here material. We do not hold that an arrangement with an assessor in Kingston without jurisdiction would have any legal force with an assessor in Albany with jurisdiction.

Order affirmed, with costs. All concur.