PEOPLE ex rel. MT. VERNON CONSUMERS' BREWING CO. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

MUNICIPAL CORPORATION—ASSESSMENTS—REVIEW BY CERTIORARI—FINAL DE-TERMINATION.

Greater New York Charter (Laws 1897, c. 378, § 895) provides that from the second Monday in January to May 1st the assessment records shall be open for examination and correction by the board of taxes and assessment, and that the board may act during the month of May on applications for the reduction of assessments, filed on or before April 30th, and hence their action is final May 1st, if no application for a correction is made, and June 1st, if it is, within Code Civ. Proc. § 2125, providing that a writ of certiorari must be granted and served within four calendar months after the determination to be reviewed becomes final.

Appeal from special term, New York county.

Application by the people, on the relation of the Mt. Vernon Consumers' Brewing Company, against Thomas L. Feitner and others, commissioners of taxes and assessment of New York City. From an order of the special term denying their motion to quash the writ, the commissioners appeal. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John Whalen, for appellants.
P. A. Hargous, for relator.

BARRETT, J. The writ was applied for and granted upon the 1st day of November, 1898. It was to review the action of the tax commissioners in assessing the personal property of the relator for the year 1898. In a similar proceeding under the consolidation act we held that the annual assessment rolls become final in any event upon the 1st day of June of each year. People v. Barker, 22

App. Div. 161, 47 N. Y. Supp. 1020. The provisions of the new char-
ter are the same in this respect. Where no application is made for
the reduction of an assessment on or before the 30th day of April,
the action of the board becomes final on the 1st day of May. Where,
however, such application is made, the board may act upon it during
the month of May. Laws 1897, c. 378, § 895. In the latter case its
action becomes final upon the 1st day of June. In the present case
the petition does not allege that the relator made an application for
a reduction on or before the 30th day of April. As against it, the
determination of the board was consequently final and binding upon
the 1st day of May. But, even if it had made such an application on
or before the 30th day of April, the determination sought to be re-
viewed would have been final and binding upon the 1st day of June.
It follows that the writ was not granted within the four months to
which the relator was limited by section 2125 of the Code of Civil
Procedure.

The respondent claims that a stipulation was made at the time
of the argument below that the application here should abide the
determination of a similar motion in another case. We find no such
stipulation in the record. There is none in writing; nor is there
proof of an oral stipulation in open court, as suggested. We find
a memorandum of the learned judge intimating that his decision was
necessitated by such a stipulation; but we are limited in this review
to the terms of the order appealed from and the papers upon which
it was made. As the order contains no such recital, and as the
papers are silent upon the fact suggested, we must review the action
of the court below upon the merits.

The order should be reversed, with $10 costs and the disbursements
of the appeal, and the motion granted, with $10 costs. All concur.