(42 App. Div. 412.)

### BENNETT v. ROBINSON.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. ASSESSMENT ROLL—VALIDITY.

Tax Law 1896, c. 908, § 21, provides that the assessor's roll shall contain five columns, and prescribes the contents of each column. The assessment roll in question contained seven columns, the first of which contained the number of the township, and the second the number of the lot, which columns, not authorized by statute, were placed in the roll for the convenience of the assessors. *Held* that, in determining the column containing the amount of taxes as provided by statute, the two unauthorized columns should be disregarded.

2. SAME—HIGHWAY TAX.

Error of supervisors in placing the highway tax in a separate column in the assessment roll was not material, where the highway and general taxes were carried out by the supervisors.

3. TAX WARRANT.

Where warrant issued to tax collector commanded him "to demand payment of taxes charged on his property," and the general and highway taxes were computed and stated, the warrant authorized the collection, not only of the general tax, but also of the highway tax, charged in a separate column.

Parker, P. J., dissenting.

Appeal from judgment on report of referee.

Action by Charles H. Bennett against Charles C. Robinson, as collector of taxes of the town of Long Lake, Hamilton county, N. Y., to recover damages for the seizure and sale of certain personal property

of the plaintiff for the nonpayment of taxes assessed against him, on the ground that the assessment roll and warrant under which the defendant assumed to act were fatally defective. The assessment roll annexed to the warrant, as far as it affects the plaintiff, was as follows:

| No. of Township. | No. of Lot. | Names of Taxable Inhabitants. | No. of Acres. | Value. | Total Value. | Amt. of Tax. | High-way Tax. | School. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 1896. | 1896. |
| 40 | not lotted | Bennett, C. H. | 50 | 1800.00 | 1800. | 66.42 | 28.50 | |
| 22 N. ½ | 65 | Betts, Mrs. Otis | 3½ | 75 | 75 | 2.76 | | |
| 38 | 6 & 7 | Webb, Dr. Seward (Cottage). | 412 | 5000 | 5000 | 184.50 | | 234.00 |

The referee directed a judgment in favor of the plaintiff for the amount claimed, and the defendant has taken an appeal to this court. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John H. Cunningham, for appellant.
W. H. Van Steenbergh, for respondent.

PUTNAM, J. The learned referee reached the conclusion that the fifth column of the roll was the one headed "value" containing the figures "1800.00," evidently the estimated value of the plaintiff's real estate, and hence, as the warrant only authorized the defendant to collect the sum set opposite the name of the plaintiff in the last column of the roll, or the fifth column thereof, and as there was no sum entered as a tax in either of those columns, the defendant was not authorized by the warrant to make the levy and sale in question. We are unable to concur in this conclusion. The tax law (section 21, c. 908, Laws 1896) provides that the assessors shall prepare a roll containing five columns: In the "first column the names of all taxable persons in the tax district"; in the second column the quantity of real estate taxed to each person; in the third, the value of such property; in the fourth, the value of personal property; in the fifth, the value of taxable rents. The statute therefore designated the first column as that which contains the name of the taxable inhabitants of the district. In the assessment roll in question, the assessors, however, placed in the roll two columns before that containing the names of taxable inhabitants, headed, respectively, "No. of Township," and "No. of Lot." Under the statute, such columns cannot be regarded as authorized. They were probably placed in the roll for the convenience of the assessors, and are not the columns referred to in the statute. By the provisions of the tax law above referred to, the column which contains the names of the taxable inhabitants is designated, and to be regarded, as the first column. In the roll in question, this first column contained the name of the plaintiff; the second, the number of acres of his farm; the third, its value. The fourth was headed, "Total Value." Presumably, the defendant possessed no personal

property or taxable rents. The fifth column contained the amount of the tax carried out, in pursuance of the provisions of section 55 of the tax law. We think, therefore, that the fifth column should be regarded as the one headed "Amt. of Tax," in which the figures "66.42" were placed. In the sixth column of the roll, under the head of "Highway Tax," opposite the plaintiff's name, appears "1896. 28.50." It may be that this highway tax of $28.50 should have been added to the tax of $66.42, and placed in the same column therewith. We are inclined to think, however, that this was not necessary. The highway tax in question was presumably for arrearages for unpaid highway labor, and levied in pursuance of the provisions of sections 66, 67, and 68 of the highway law (chapter 568, Laws 1890). No provision is contained in those sections regarding the manner of stating such a highway tax on the assessment roll, and it is probable that the provisions of the tax law referred to have no application to such tax. However, the error of the supervisors, if any, in placing the highway tax in a separate column, was not a material one. The highway and general taxes were carried out by the supervisors, and whether the amounts thereof were added together and placed in one column, or placed separately in two, was unimportant. All that the case of People v. Hagadorn, 104 N. Y. 516, 10 N. E. 891, to which we are referred, determined, was that the requirements of the statute in regard to the manner of making an assessment roll, as far as material, must be strictly observed. In that case it appeared that the supervisors had omitted to compute and carry out the amount of the tax, but intrusted that duty to one of the members of the board, after the supervisors had signed and attached the warrant to the unfinished assessment roll. It was properly held in that case that the supervisors had failed to perform a material requirement of the statute. In the case under consideration the supervisors computed and placed in the assessment roll the amount of the highway and general taxes against the plaintiff; and their omission, if any, was in placing the amount of the two taxes in different columns. This omission cannot be regarded as a material one.

The warrant issued to the defendant required and commanded him "to collect from the several persons named in the assessment roll, to which this warrant is annexed, the several sums mentioned in the last column thereof, to wit, the fifth column, and set opposite to the names of such persons, respectively, together with your fees thereon"; and also, after further requiring him, on the expiration of 30 days, to proceed to collect the unpaid taxes, contained the following clause:

"It will be your duty, for that purpose, to call at least once on each person taxed, at the place of his usual residence, if in said town, and to demand payment of taxes charged to him on his property; and, in case any person or persons named in said assessment roll shall refuse or neglect to pay the tax imposed on him or them, you will levy the same by distress and sale of the goods and chattels of the person or persons who ought to pay the same."

The warrant and the assessment roll constituted one process. Johnson v. Learn, 30 Barb. 616–618. In the roll in question the general and highway tax were computed and stated. The provisions contained in the warrant above quoted, we think, contained a suffi-

cient authority to the defendant to collect all taxes charged against
the plaintiff or his property on the assessment roll,—hence, not only
the amount of the general tax stated in the fifth column of the roll,
but also the highway tax charged against the plaintiff in the sixth.

We reach the conclusion that the assessment roll and warrant were
sufficient to authorize the defendant to seize and sell the plaintiff's
property. The process under which the former acted, being regular
on its face, fully protected him. Johnson v. Learn, supra; Patchin
v. Ritter, 27 Barb. 34; Savacool v. Boughton, 5 Wend. 170; Chegaray
v. Jenkins, 5 N. Y. 376.

The judgment should be reversed, the referee discharged, and a
new trial granted; costs to abide the event. All concur, except PAR-
KER, P. J., dissenting.