(55 App. Div. 544.)

PEOPLE ex rel. NEW YORK & H. R. CO. et al. v. BOARD OF TAXES et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

TAXATION—ILLEGAL ASSESSMENT— CORRECTION BY MANDAMUS—OTHER ADE-
QUATE REMEDY.
    Mandamus to strike an illegal assessment from the rolls will not lie, as
an adequate remedy by certiorari is afforded by Laws 1880, c. 269.
    McLaughlin, J., dissenting.

Appeal from special term, New York county.

Application for mandamus by the people, on the relation of the
New York & Harlem Railroad Company and another, against the
board of taxes and assessments and Thomas L. Feitner and others,
commissioners. From an order granting a peremptory writ, respond-
ents appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN,
and O'BRIEN, JJ.

James M. Ward, for appellants.
Ira A. Place, for respondents.

RUMSEY, J. This writ was applied for to compel the tax com-
missioners of the city of New York to strike from the assessment
rolls of that city what was said to be an illegal assessment against
the property of the relators. In the year 1900 those commissioners
assessed the New York & Harlem Railroad Company for that por-
tion of their roadbed, substructures, superstructures, and lands lying
in Park avenue between the Forty-Second Street Depot, in the city
of New York, and the northern boundaries of that city. In the same
year the state board of tax commissioners made their assessment
of the special franchise of the New York & Harlem Railroad Com-
pany, pursuant to the provisions of chapter 712 of the Laws of 1899.
By the terms of that act the real estate of the company situate in
the street was to be taxed as a part of the special franchise. That
real estate consisted of "all railroad structures, substructures and
superstructures, tracks and the iron thereon." Id. § 3. So it will
be seen that the assessment by the state board of tax commissioners
of the special franchise included the same property which had been
assessed by the city board of tax commissioners. The law of 1899
above referred to provided that the tangible property subject to
the special franchise tax should only be taxable upon the assess-
ment made by the state board of tax commissioners. Id. § 47. The
relators claim that under the provisions of that section the commis-
sioners of taxes of the city of New York had no power or jurisdic-
tion to assess that part of their property included within the special
franchise, and therefore that assessment was illegal and should
be stricken from the rolls. In making this claim they necessarily
assume that the act of 1899 is constitutional, and not only prescribes
the action of the state board of tax commissioners, but forbids action
with respect to the same property by the city board. We shall as-
sume for the purposes of this decision that that contention of the
relators is correct, and that the assessment by the defendants of

67 N.Y.S.—16

their tangible property situated in Park avenue was forbidden by section 47 of that act, and that therefore that assessment was an illegal one, and the relators entitled in some way to be relieved from it; had they taken proper steps to that end. Conceding this to be the case, the appellants, however, insist that the court should not have granted a writ of mandamus to strike the assessment from the rolls, but should have confined the relators to their remedy by certiorari, which is complete and adequate to give all the relief to which they are entitled; and they seek to have applied the rule that a writ of mandamus will not be granted where there is another plain, adequate, and sufficient remedy to correct the wrong which is sought to be cured by the mandamus. Upon the assumption that this assessment was invalid, the relators had a plain and sufficient remedy, by certiorari, to correct it. People v. Feitner, 41 App. Div. 544, 58 N. Y. Supp. 648; Id., 44 App. Div. 239, 60 N. Y. Supp. 614. Upon the hearing of a writ of certiorari brought to correct an assessment, the court has jurisdiction to strike it from the rolls; and, if it should be illegal, it would undoubtedly be its duty so to do. There is nothing which could be accomplished by this peremptory writ which could not also be done by an order made upon a writ of certiorari. There is no reason, therefore, why the relators should be permitted to resort to a mandamus, and for that reason it should not have been granted. Id., 44 App. Div. 239, 60 N. Y. Supp. 614. It is quite true that there are in the books not a few cases in which the remedy sought by this writ has been granted to one who complains of an illegal assessment. These cases have been examined. With one exception, each of them arose before the passage of chapter 269 of the Laws of 1880, which granted a writ of certiorari to review an erroneous, illegal, or void assessment. Before the passage of that act no sufficient means had been provided to review and correct such assessments. It is quite true that a writ of certiorari would lie, directed to the assessors, but there was serious doubt whether upon the return of that writ any more could be done than to determine the jurisdiction of the assessors to act in the premises. People v. Delaney, 49 N. Y. 655; Same v. Betts, 55 N. Y. 600; Same v. Fredericks, 48 Barb. 173. It was difficult to obtain a writ of certiorari against the assessors after the roll had been completed, and before it had become their duty to deliver it to the supervisors; and the courts had held that after the roll had been delivered to the supervisors the power of the assessors over it had expired, and, however erroneous or illegal had been their action, the court was not at liberty to grant any judgment against them correcting the roll. People v. Fredericks, 48 Barb. 173; Same v. Reddy, 43 Barb. 539; Same v. Board of Assessors, 16 Hun, 407. Under these circumstances, it is apparent that a writ of certiorari afforded no sufficient remedy for an erroneous or illegal assessment; and, as no means had been provided by statute, the taxpayer was substantially without relief. It was while the law was in that condition that the courts were moved to grant writs of mandamus to strike from the rolls illegal assessments. People v. Assessors of Town of Barton, 44 Barb. 148; Same v. Olmsted, 45 Barb. 644. In the case of People

v. Wilson, 119 N. Y. 515, 23 N. E. 1064, a writ of mandamus was granted to strike out an assessment for repaving levied upon the relator's property, which was outside of the district of assessment established by the board. But in that case it appeared that the 'statute in terms had required the assessors to rectify any error committed in the levying of the tax, where the error was entirely clerical; and it was held that the assessment of the relator's property, which lay outside the "district of assessment," having been done by mistake, was purely a clerical error, and the assessors might be compelled by mandamus to rectify it, as the statute required them to do. That case, therefore, is no authority in a case like this. The principle that a writ of mandamus will not be granted where the relator has a plain, adequate, and sufficient remedy at law to correct the grievance of which he complains is a wholesome one, and one which is rarely, if ever, to be departed from. It was applied in this court in the case of People v. Feitner, 44 App. Div. 239, 60 N. Y. Supp. 614, although in that case the relator had lost his remedy by certiorari because of his failure to pursue it in time. There is a reason why the writ of certiorari should be resorted to, rather than mandamus, to correct an assessment. The court has much greater power in disposing of one of these cases which comes up by certiorari, and is not limited solely to striking out the assessment, but may correct it if the circumstances are such as to warrant anything of the kind.

For these reasons, we think that the court below should not have granted a mandamus in this case, but should have required the relators to resort to the remedy which the law gives them, by a writ of certiorari. The order granting the writ is therefore reversed, and the motion denied, with $50 costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

McLAUGHLIN, J. (dissenting). It is conceded in the prevailing opinion that a double assessment for the same year, for the same purpose, was made upon the same property,—one by the state board of tax commissioners (chapter 712, Laws 1899), and the other by the board of taxes and assessments for the city of New York. It is also conceded that the assessment by the board of taxes and assessments is illegal, and yet, notwithstanding this fact, it is held that the order granting the writ of mandamus must be reversed, because the relator could have reviewed the proceeding of the assessors by certiorari. The fact that the relator had another remedy to right the wrong which had been or was about to be done to it did not prevent it from proceeding in the manner in which it did. The law, as has many times been said, looks to substance, and not to form, and its one purpose is to enforce rights and redress wrongs. Here, as already said, it is conceded that the assessment made by the board of taxes and assessments is illegal, having been made without authority, and contrary to the express provision of the statute (chapter 712, Laws 1899, and amendments). It seems, therefore, useless to reverse a proceeding by which the wrong has been righted, because the relator did not proceed in another way to accomplish

the same object. When all of the necessary parties are before the court, and there is no dispute about the facts, or the law applicable to them, I can see no good reason why a litigant should be driven out of one door, in order to compel him to enter the same room by another. It is true that, as a general rule, one who applies for a writ of mandamus must be without other legal remedy, but this rule has exceptions as well recognized as the rule itself. People v. Wilson, 119 N. Y. 515, 23 N. E. 1064; Same v. Board of Sup'rs of Essex Co., 70 N. Y. 228; Barhyte v. Shepard, 35 N. Y. 255; People v. Tax 'Com'rs, 41 Hun, 373; Same v. Assessors of Town of Barton, 44 Barb. 148; Same v. Olmsted, 45 Barb. 644. I am unable to distinguish any difference in principle between the question here involved and the one involved in People v. Wilson, supra, and Same v. Board of Sup'rs of Essex Co., supra. In the former case a piece of real estate outside of a certain district was illegally included in an assessment for local improvements, and the court granted a peremptory writ of mandamus to compel the assessors to strike the assessment from the rolls; and the court of appeals, in affirming the action of the special term, said:

"Mandamus was a proper remedy to compel the performance of the duty of correcting the error. * * * The remedy by mandamus has been sustained in analogous cases."

In the latter case certain real estate had been assessed, and taxes collected upon such assessment, in a town; and the court held that the relator could compel, by mandamus, the board of supervisors to assess upon the town the amount which it had illegally collected, for the purpose of reimbursing him, and the fact that the relator had a cause of action at law to recover such amount did not deprive him of the right to proceed by mandamus.

For these reasons, I dissent from the opinion of Mr. Justice RUMSEY.