### DALE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

TAXATION—PERSONAL PROPERTY—NONRESIDENT TRUSTEE—ENFORCED PA....ʌNT —RECOVERY.

    Plaintiff, a nonresident of the city of New York, was assessed and taxed for personal property therein as a trustee, though he presented to the board evidence of his nonresidence while the assessment was pending. A tax warrant was delivered to the marshal, and, to prevent the seizure of property, plaintiff paid the tax, and served a demand on the comptroller for the amount so paid, and after the expiration of the 30 days within which such officer is required to adjust claims brought action to recover the same. Laws 1896, c. 908, § 8, requires that taxes on personal property assessed against a trustee shall be levied in the district where he resides. *Held*, that the tax was levied without jurisdiction, and the city, having, under the forms of law, forcibly taken money which it had no right to retain, it might be recovered by plaintiff in a common-law action, notwithstanding the provisions of section 256 for determining on certiorari the validity and justice of a tax and repayment of an excess out of taxes subsequently levied and collected; such section having no application to the case.

Appeal from special term, New York county.

Action by Chalmers Dale, as trustee of Carrie R. Dale, against the city of New York. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

David Rumsey, for appellant.
Truman H. Baldwin, for respondent.

LAUGHLIN, J.　In the year 1899 the plaintiff was assessed for personal property in the city of New York.　The assessment was made in due form of law, and a warrant authorizing the collection thereof by levy upon and sale of the goods and chattels of the plaintiff was likewise issued in due form by the receiver of taxes to a marshal, who threatened to execute the same as therein commended.　On the 28th day of June, 1900, the plaintiff, to prevent a levy and sale by the marshal under said warrant, paid the tax, and brings this action to recover it back.

The plaintiff alleges that at the time this tax was levied he was a resident of the town of Phillipstown, Putnam county, N. Y., and was not a resident of the city of New York; that during the time the assessment roll was open for inspection and revision he applied in person and presented to the board due proof of his nonresidence; that his application was denied, and he was assessed as a resident; that the steps and proceedings required by law in the case of a valid assessment were taken; that the marshal was commanded by the warrant to collect the tax by distress and sale of plaintiff's goods and chattels, and was proceeding to execute the same, and that plaintiff paid the tax to prevent a sale of his property therefor, and thereafter, on the 13th day of July, 1900, served upon the comptroller a notice in writing demanding repayment of the amount so paid to the marshal, but that the comptroller refused to settle or adjust the same; that on the 11th day of April, 1901, said assessment and tax were adjudged to be illegal and void in a certiorari proceeding instituted by the plaintiff for the cancellation thereof before payment.　The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

.Formerly, where a tax was void for want of jurisdiction, and there was no other adequate remedy, it could be struck from the rolls by mandamus, but now a remedy by certiorari is provided in the tax law, which, however, is not exclusive, and the common-law writ of certiorari may also, in such case, be invoked for the cancellation of the tax. People ex rel. Powder Co. v. Feitner, 41 App. Div. 544, 58 N. Y. Supp. 648; People ex rel. Kendall v. Feitner, 51 App. Div. 196, 200, 64 N. Y. Supp. 675; People ex rel. Cochrane v. Feitner, 44 App. Div. 239, 241, 60 N. Y. Supp. 614; People v. Board of Taxes & Assessments, 55 App. Div. 544, 67 N. Y. Supp. 241.

In the city of New York many of the provisions of the tax law are inapplicable, special provisions differing therefrom being contained in the Greater New York charter.　Where the taxing officers have jurisdiction, the review by certiorari is exclusive, and must be had in conformity with the tax law, which, as amended or modified by said charter, prescribes the method and scope of the review.　The time for bringing the proceeding in the county of New York is not limited by the tax law, and was formerly declared to be governed by the Code, but it is now prescribed by the charter.　People ex rel. Kendall v. Feitner, supra; People ex rel. Cochrane v. Feitner, supra; People v.

Barker, 22 App. Div. 161, 47 N. Y. Supp. 1020; People v. Feitner, 51 App. Div. 178, 64 N. Y. Supp. 539; People v. Barker, 81 Hun, 22, 30 N. Y. Supp. 586; U. S. Trust Co. of New York v. City of New York, 144 N. Y. 488, 39 N. E. 383; People v. Barker, 144 N. Y. 94, 39 N. E. 13; People v. Feitner, 168 N. Y. 441, 456, 61 N. E. 763; People v. Feitner, 41 App. Div. 496, 58 N. Y. Supp. 670.

The statute requires that taxes upon personal property assessed against a trustee shall be levied in the district where he resides. Tax Law (chapter 24, § 8, Gen. Laws; chapter 908, Laws 1896). The plaintiff was a resident of the state of New York, but not a resident of the city of New York, and therefore the taxing officers of said city had neither jurisdiction of his person or property, and the tax levied was absolutely void. Products Co. v. Damon, 57 App. Div. 261, 68 N. Y. Supp. 183; People v. Dederich, 40 App. Div. 570, 57 N. Y. Supp. 1131, affirmed in 160 N. Y. 687, 55 N. E. 1099; Wilcox v. City of Rochester, 129 N. Y. 247, 29 N. E. 99; People ex rel. Powder Co. v. Feitner, supra; People v. Supervisors of Chenango Co., 11 N. Y. 563; Mygatt v. Washburn, 15 N. Y. 316; People v. Feitner, 168 N. Y. 360, 61 N. E. 280.

There being no jurisdiction to levy the tax, it was not even necessary for the plaintiff to apply on review day to have the assessment canceled. People v. Feitner, supra. The tax having been imposed in form against the plaintiff as a resident, it was apparently valid and enforceable by distress of his goods and chattels. The payment, therefore, to prevent a levy and sale was made, not voluntarily, but under coercion of law. Bank of Commonwealth v. Mayor, etc., of City of New York, 43 N. Y. 184; Bruecher v. Village of Port Chester, 101 N. Y. 240, 4 N. E. 272; Dieffenthaler v. Mayor, etc., of City of New York, 111 N. Y. 331, 19 N. E. 48; Strusburgh v. Mayor, etc., of City of New York, 87 N. Y. 452; Horne v. Town of New Lots, 83 N. Y. 100, 38 Am. Rep. 402; Peyser v. Mayor, etc., of City of New York, 70 N. Y. 497, 26 Am. Rep. 624; Bennett v. Robinson, 42 App. Div. 412, 59 N. Y. Supp. 197; Adams v. Supervisors, 18 App. Div. 415, 46 N. Y. Supp. 48, affirmed in 154 N. Y. 619, 49 N. E. 144. If there had been time, the plaintiff could have procured the cancellation of the tax by a certiorari proceeding (People ex rel. Powder Co. v. Feitner, supra), but it is doubtful whether he could have enjoined the collection thereof. Canal Co. v. Atkins, 121 N. Y. 246, 24 N. E. 319; Strusburgh v. Mayor, etc., of City of New York, supra. However, he was not obliged to resort to either of these remedies. The payment of the tax having been compelled by duress of plaintiff's goods and chattels, a right of action against the city for the money, as having been had and received by it, at once vested in the plaintiff, and upon the failure of the comptroller to adjust the same within 30 days after demand the plaintiff became entitled to maintain an action for the recovery thereof. Newman v. Board, 45 N. Y. 676; Jex v. Mayor, etc., of City of New York, 103 N. Y. 536, 541, 9 N. E. 39; In re Chadwick, 59 App. Div. 334, 69 N. Y. Supp. 853; U. S. Trust Co. of New York v. Mayor, etc., of City of New York, supra.

Where the assessing officers have jurisdiction, it is, doubtless, necessary to vacate their determination before the tax paid can be recov-

ered back; but the rule is otherwise where they proceed without
jurisdiction, as in the case at bar.    Bank of Commonwealth v. Mayor,
etc., of City of New York, 43 N. Y. 184; Swift v. City of Pough-
keepsie, 37 N. Y. 511; Newman v. Board, supra; Union Nat. Bank of
New York v. Mayor, etc., of City of New York, 51 N. Y. 638; Mu-
tual Life Ins. Co. v. City of New York, 144 N. Y. 494, 39 N. E. 386;
Board v. Henderson, 42 App. Div. 237, 59 N. Y. Supp. 1098.

If it were necessary to vacate the assessment, which has been
levied without jurisdiction, that could be done in this action.    Jex v.
Mayor, etc., of City of New York, supra; Mutual Life Ins. Co. v.
City of New York, supra.    It is evident, therefore, that when the
payment of the tax was thus compulsorily enforced the plaintiff
might have abandoned the certiorari proceeding and have forthwith
instituted this action after the lapse of the time given by the comp-
troller to repay the money.    The demand upon the comptroller
was manifestly sufficient for this purpose.    Indeed the only criticism
made upon the demand is that it is insufficient, provided the plaintiff
bases his right of recovery upon the decision in the certiorari pro-
ceeding, which was subsequent thereto.    The complaint also shows
the invalidity of the tax upon the ground of want of jurisdiction
in the taxing officers.    The allegations in the complaint concern-
ing the determination in the certiorari proceeding are entirely im-
material, and may be regarded as surplusage.    Inasmuch as a right
of action existed for the money had and received, which, on ac-
count of the assessment having been made without jurisdiction,
could be enforced by direct action, it is difficult to see how the
plaintiff can be estopped, or his rights affected, by the fact that he
unnecessarily prosecuted the certiorari proceeding to a final deter-
mination after paying the tax.    It is strenuously urged on the part
of the appellant that section 256 of the tax law is applicable, and
that no cause of action vests in plaintiff until the amount paid by
him has been again collected by taxation, as therein provided.    That
section provides, in substance, that where on a certiorari proceed-
ing it shall be determined that an assessment is illegal, erroneous,
or unequal, but such determination shall not be made in time to
enable the assessors or other officers to make or correct the assess-
ment for the use of the board of supervisors, then, at the first an-
nual session of the board of supervisors thereafter, there shall be
audited and allowed to the petitioner, and included in the next tax
levy, "and paid to the petitioner, the amount paid by him, in excess
of what the tax would have been if the assessment had been made
as determined" by the court, together with interest thereon from
the date of payment.

If the board of taxes and assessments had jurisdiction of the
plaintiff and of the subject-matter, then, doubtless, he would be
obliged to establish by certiorari, as a condition precedent to his
right to recover, that the tax was illegal or erroneous.    In such
case it was assumed by the general term of this department that
the provisions of the general tax law with reference to refunding
the excess of the tax over what it should have been would govern

(People v. Coleman [Sup.] 1 N. Y. Supp. 112), but the determination of this appeal does not require a decision of that question.

In other counties, where, concededly, this section 256 of the tax law is applicable, it has been repeatedly held that repayment of illegal taxes may be voluntarily made by the board of supervisors, or compelled by the court, under section 16 of the county law (Laws 1892, c. 686), which authorizes boards of supervisors to refund the amount of any tax collected from any person where such tax was "illegally or improperly assessed or levied," and further provides that "upon the order of the county court, it shall refund any such tax." This provision of the county law was intended as a summary remedy by petition where the payment of an illegal (the word "improperly" does not extend the meaning) tax is exacted under coercion of law, and that in such case no certiorari proceeding is necessary, nor is the court authorized or required to cancel the tax. The board of supervisors is authorized to refund voluntarily moneys thus received, and on failure of the board to act the county court is authorized to compel its restoration, without regard to the provisions of section 256 of the tax law. In re Buffalo Mut. Gaslight Co., 144 N. Y. 228, 39 N. E. 86; In re Edison Electric Illuminating Co., 22 App. Div. 371, 48 N. Y. Supp. 99, affirmed in 155 N. Y. 699, 50 N. E. 1116; In re Buffalo Mut. Gaslight Co., 144 N. Y. 228, 39 N. E. 86; Adams v. Supervisors, 18 App. Div. 415, 46 N. Y. Supp. 48, affirmed in 154 N. Y. 619, 49 N. E. 144; In re Chadwick, supra; In re Baumgarten, 39 App. Div. 174, 57 N. Y. Supp. 284; McCue v. Supervisors, 45 App. Div. 406, 61 N. Y. Supp. 315, affirmed in 162 N. Y. 236, 56 N. E. 627; In re Reid, 52 App. 243, 65 N. Y. Supp. 373.

Even if section 16 of the county law were applicable to the city of New York, that would not necessarily prevent the maintenance of this action. That statute recognizes the right of the party paying an illegal tax to have the money forthwith refunded, and it provides, not an exclusive remedy, but a remedy which would ordinarily be adequate and speedy. Notwithstanding this provision, a party may resort to his common-law right of action if he sees fit to do so, and this is what the plaintiff has done. It was not incumbent upon the plaintiff to show the state of the municipal funds, and that adequate provision had been made for the payment of a claim of this character, nor is the court required to examine the provisions of the Greater New York charter for the purpose of determining whether authority exists to pay the judgment if plaintiff succeeds in the action. The defendant, under the forms of law, but without the shadow of a right, has taken this money from the plaintiff. It has no right to retain it; but, on account of the charter provisions, plaintiff was precluded from bringing his action until he presented his claim to the comptroller, and gave that official, representing the city, an opportunity to repay the money without litigation. The demand having been refused, the plaintiff is entitled to maintain his action, and, upon proof of the facts, to recover a judgment. It may be assumed that funds have been provided from which the judgment may be satisfied, but, if not, those are questions

which can arise only on the proceeding taken to enforce the judgment, and are not a bar to its recovery.

It follows, therefore, that the demurrer was properly overruled, and the interlocutory judgment should be affirmed, with costs, with leave to defendant to withdraw demurrer and answer upon payment of costs of the demurrer and of the appeal. All concur, except VAN BRUNT, P. J., who dissents.